# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILEY,<br><br>      Plaintiff,<br><br>      v.<br><br>ROBERT GOODMAN, et al.,<br><br>      Defendants. | Case No.: 1:19-cv-1406 AWI JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Anthony Wiley asserts Robert Goodman, the Bakersfield Police Department, and the Kern County Superior Court are liable for violations of his civil rights to equal protection and due process, "crimes against the disabled," judicial corruption, and judicial misconduct. However, Plaintiff fails to allege facts to support his claims for violations of his civil rights, and it appears the remainder are barred under the doctrines of judicial immunity and *Rooker-Feldman*. Accordingly, Plaintiff's complaint is **DISMISSED** with leave to amend.

## I.    Motion to proceed in forma pauperis

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Allegations

Plaintiff alleges that in 2013, he "was arrested and held to answer [for] something already litigated." (Doc. 1 at 8) He asserts he is arrested "[e]very 4 years," for a total of three times in twelve years, and he was unlawfully detained "3 times for the same charge." (*Id.* at 8, 9) According to Plaintiff, the "courts failed due process" and a judge in the family law division "harmed Plaintiff" using domestic violence orders. (*Id.* at 8) He contends the court is corrupt and made him homeless "as a result of the court moving forward on documents in violation of [the] 1974 Privacy Act." (*Id.*) Plaintiff alleges a $100,000 lien was placed on his home, which result in a loss of business. (*Id.* at 9) Finally, Plaintiff contends that at an unidentified time, he was the "victim of [a] violent hate crime," which resulted in bodily injury.

## V. Discussion and Analysis

Based upon the foregoing facts, Plaintiff contends the defendants are liable for violations of "equal protection under the law, crimes against the disabled, failure of due process, judicial corruption, [and] judicial misconduct." (Doc. 1 at 4)

### A. Eleventh Amendment Immunity

The Eleventh Amendment provides: "The Judicial power the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. amend XI*. This amendment bars suits against state entities, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995). A California Superior Court is a state agency and is immune

to suit under the Eleventh Amendment. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment"). Accordingly, the Kern County Superior Court is immune from the claims presented by Plaintiff in his complaint.

### B. Judicial Immunity

Plaintiff contends the defendants are liable for corruption and judicial misconduct. (Doc. 1 at 4) To the extent Plaintiff seeks to hold specific judges from the Kern County Superior Court liable as defendants—although currently unnamed in the complaint—"[j]udges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 692 F.2d 911, 913 (9th Cir. 1982)). "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity." *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). Thus, the doctrine of judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (1988).

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority").

Importantly, however, there is a "narrow exception to judicial immunity for prospective declaratory relief" sought under Section 1983. *Weldon v.* Kapetan, 2018 WL 1725606 at *4 (E.D. Cal. Apr. 9, 2018). This Court explained that "neither the doctrine of judicial immunity nor Section 1983's immunity language specifically precludes claims for prospective declaratory relief." *Id.* (citations omitted). However, declaratory relief "should not be sought to correct past wrongs..." *Id.*, quoting *Kim v. City of Belmont*, 2018 WL 500269 at *14 (N.D. Cal. Jan. 22, 2018). Thus, where a plaintiff complained of "specific judicial actions and determinations regarding the lawfulness of [a judge's

actions]" in a state court case, the narrow exception to judicial immunity did not apply. *See id.*

Likewise, here, the declaratory relief sought is not prospective in nature, because Plaintiff seeks to challenge the actions taken by the judicial officers in issuing domestic violence orders and placing a lien on his business. There are no allegations demonstrating that judicial immunity should not apply to the actions challenged by Plaintiff.

### C. Claim under 42 U.S.C. § 1983 and the Fourteenth Amendment

Plaintiff contends the defendants are liable for violations of his rights to due process and equal protection under the Fourteenth Amendment. (Doc. 1 at 4) Such claims may be brought pursuant to 42 U.S.C. § 1983, which is "a method for vindicating federal rights elsewhere conferred" and does not provide substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In relevant part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

#### 1. Whether the defendants are state actors

"Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity," and, as a result, the Court must examine whether Plaintiff has sufficiently plead facts to support the allegation that the defendants were state actors. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted). In general, private parties are not state actors. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes"). Consequently, the Ninth Circuit explained, "When addressing whether a private party acted under color of law, [the court] . . . start[s] with the presumption that private conduct

does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

The key question in determining whether a person has acted under color of state law is whether that person's actions are "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982), quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982). The Supreme Court of the United States indicated that "state employment is generally sufficient to render the defendant a state actor." *Lugar*, 457 U.S. at 936 n. 18.

Plaintiff has identified Robert Goodman as a defendant in the action, but provided no information regarding whether Mr. Goodman is a state actor. Plaintiff fails to allege facts to support he is an employee of the state or to support that actions taken by Mr. Goodman are attributable to the state. Thus, Plaintiff fails to state a cognizable claim against Mr. Goodman under Section 1983.

### 2. Due process under the Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

A Section 1983 claim for a violation of procedural due process has three elements: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. Plaintiff fails to clearly identify the liberty, property, or property interest that he believes was violated; or by whom. The Court is unable to speculate as to the basis of this claim.

### 3. Equal protection under the Fourteenth Amendment

The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, amend.* XIV §1. In essence, this commands that all persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne*

*Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A plaintiff can state a cognizable equal protection claim by alleging 'the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  In the alternative, where the acts in question do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Even when viewed liberally, Plaintiff's factual allegations fail to state an equal protection violation.  Although Plaintiff asserts that he is disabled, "the disabled do not constitute a suspect class for equal protection purposes." *Lee*, 250 F.3d at 687 (internal quotation marks, citation omitted). There are no facts alleged that Plaintiff was discriminated against on the basis of a protected status, or that he was intentionally treated differently from similarly situated individuals.  Therefore, Plaintiff fails to state a cognizable claim for an equal protection violation.

### 4. Liability of the Bakersfield Police Department

The Bakersfield Police Department is not a proper defendant to the extent Plaintiff seeks to hold the department liable under Section 1983.  Although municipalities, such as cities and counties, are amenable to suit, sub-departments or bureaus of municipalities—like the Bakersfield Police Department—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit … sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"); *see also Gonzales v. City of Clovis,* 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding the Clovis Police Department is not a "person" for purposes of Section 1983); *Wade v. Fresno Police Dep't,* 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under Section 1983).  Thus, the Bakersfield Police Department is not a proper defendant to Plaintiff's claims arising under Section 1983.

### 5. Municipal Liability

Local governments, such as cities, are "persons" subject to suit for "constitutional tort[s]"

7

under Section 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

> A plaintiff may show a municipal policy or custom in three ways:
>
> (1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;
>
> (2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). In addition, a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.*

Even if Plaintiff named the City of Bakersfield as a defendant, he fails to allege facts to support a claim under Section 1983. Although Plaintiff alleges that he was placed under arrest three times in 12 years, there are no facts supporting the conclusions that the conduct of the City or its officers was unlawful, or the result of a custom or policy that harmed Plaintiff. Accordingly, Plaintiff fails state a claim for municipal liability under Section 1983.

### D. Hate Crime against a Disabled Person

Plaintiff asserts that he was the victim of a "hate crime." (Doc. 1 at 9) However, Plaintiff fails to plead whether he brings this cause of action under state or federal law or, if not, he fails to identify a statute or theory of common law that makes the alleged act of "hate" actionable. Plaintiff fails to detail any factual allegations to support his naked assertion that he was the victim of a hate crime such that the Court may determine the basis of these claims. Moreover, Plaintiff does not indicate he suffered violence, intimidation, threats, or coercion at the hands of any named defendant. Accordingly, Plaintiff's claim for a "hate crime" is not cognizable.

**E.     Violation of the Privacy Act of 1974**

Plaintiff contends the defendants are liable for a violation of the "1974 Privacy Act." (Doc. 1 at 8)  Under the Privacy Act, it is "unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." 5 U.S.C.A. § 552a (note). Although the protections of the Privacy Act are broad, the civil remedy provision is limited.  The Ninth Circuit determined "the private right of civil action created by the Privacy Act… 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.'" *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)); *see also St. Michael's Convalescent Hosp. v. California,* 643 F.2d 1369, 1373 (9th Cir. 1981) (holding that the Privacy Act does not provide a private right of action against "state agencies or bodies").  Because Plaintiff has not identified any federal agency as a defendant in this action, his claim for a violation of the Privacy Act of 1974 fails as a matter of law.

**F.     *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . .").  Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

Plaintiff fails to allege any facts regarding the circumstances of the lien placed on his home, such that the Court may determine whether he is challenging the action of the state court. Likewise, Plaintiff fails to clarify whether he is challenging the domestic violence orders issued by the Kern County Superior Court. To the extent Plaintiff is attempting to do so, such a claim may be barred under the *Rooker-Feldman* doctrine. *See, e.g.*, *Sakuma v. Assoc. of Apartment Owners*, 2016 WL 6433842 at *6-7 (D. Haw. Oct. 28, 2016) (noting allegations regarding whether a lien was illegitimate or fraudulently recorded could not support the plaintiff's claims without violating the *Rooker- Feldman* doctrine where the state court decreed foreclosure); *Tali v. Liao*, 2018 WL 5816171 at *4 (N.D. Cal. Nov. 5, 2018) (finding the plaintiff's claims were barred under the *Rooker-Feldman* doctrine because "[j]udicial review of what occurred in [the] state court regarding… the domestic violence allegations against [the plaintiff] is most properly situated in state court, not federal court").

## VI.     Conclusion and Order

For the reasons set forth above, the Court is unable to find Plaintiff states a cognizable claim under Section 1983. However, the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff will be given **one opportunity** to cure the factual deficiencies identified above, and to state a claim that invokes this Court's jurisdiction. Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**<u>If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order</u>**.

IT IS SO ORDERED.

Dated: __**October 23, 2019**__      __/s/ Jennifer L. Thurston__
                                                                                 UNITED STATES MAGISTRATE JUDGE