UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANOTHONY WILEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT GOODMAN, et al., <br><br> Defendants. | Case No.: 1:19-cv-1406-AWI JLT <br><br> FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Anthony Wiley asserts Robert Goodman, the Bakersfield Police Department, and the Kern County Superior Court are liable for violations of his civil rights to equal protection and due process, "crimes against the disabled," judicial corruption, and judicial misconduct. (*See generally* Doc. 1) Because Plaintiff has failed to comply with the Local Rules and failed to prosecute this action, the Court recommends the matter be **DISMISSED**.

**I.     Background**

Plaintiff initiated this action by filing a complaint on October 7, 2019. (Doc. 1)  The Court reviewed the allegations of the complaint pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2) because Plaintiff sought to proceed in forma pauperis. (*See* Doc. 3 at 2)  The Court determined Plaintiff failed to allege facts sufficient to support his claims for violations of his civil rights, and it appeared the remainder are barred under the doctrines of judicial immunity and *Rooker-Feldman*. Therefore, Plaintiff's complaint was dismissed with leave to amend on October 23, 2019.  (*Id.* at 11)

1

On November 4, 2019, the Court's order was returned as "Undeliverable, Not Deliverable as Addressed" by the United States Postal Service. On November 4, 2019, the Court attempted re-service at a different address for Plaintiff, based upon his address identified in Case No. 1:19-cv-01407-LJO-JLT. However, this was also returned as "Undeliverable as Addressed, NSN") by the United States Postal Service on November 18, 2019. To date, Plaintiff's correct address remains unknown, and he has not identified a proper mailing address for the Court.

## II.     Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the first document was returned as undeliverable after the Court attempted re-service on November 4, 2019, Plaintiff has failed to comply with the Local Rules.

## III.    Failure to Prosecute

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also*

*Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

## IV. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Local Rules and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Plaintiff has not taken any action to prosecute the action following the filing of the complaint and has not communicated a proper mailing address to the Court. Accordingly, this factor weighs in favor of dismissal.

3

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

### D. Public policy

Given Plaintiff's failure to comply with the Local Rules and prosecute the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## V. Findings and Recommendations

Plaintiff has failed to follow the requirements of the Local Rules or to prosecute this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **RECOMMENDS**:

1. This action be **DISMISSED** without prejudice; and
2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, a party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **January 30, 2020**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4